Russell W. Roten (SBN 170571)
Jeff D. Kahane (SBN 223329)
Nathan Reinhardt (SBN 311623)
Betty Luu (SBN 305793)
DUANE MORRIS LLP
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017
Telephone: (213) 689-7400
Fax: (213) 689-7401
RWRoten@duanemorris.com
JKahane@duanemorris.com
NReinhardt@duanemorris.com
BLuu@duanemorris.com

Catalina J. Sugayan
Clinton E. Cameron (*pro hac vice*)
Bradley E. Puklin (*pro hac vice*)
Clyde & Co US LLP
30 S Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 635-7000
Facsimile: (312) 635-6950
Catalina.Sugayan@clydeco.us
Clinton.Cameron@clydeco.us
Bradley.Puklin@clydeco.us

Attorneys for Appellants, *Certain Underwriters at Lloyd's, London, subscribing severally and not jointly to Slip Nos. CU 1001 and K 66034 issued to the Roman Catholic Archbishop of San Francisco, and Nos. K 78138 and CU 3061 issued to the Roman Catholic Bishop of Oakland*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>        Debtor.<br>. | Case No.:_____<br><br>Bankruptcy Case No.: 23-40523 WJL<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

Appellants Certain Underwriters at Lloyd's, London, subscribing, severally and not jointly, to Slip Nos. CU 1001 and K 66034 and Nos. K 78138 and CU 3061 (collectively, "London Market Insurers" or "LMI"), naming the Roman Catholic Bishop of Oakland as an Assured, by and through their undersigned counsel, hereby appeal, pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure ("FRBP") 8001, *et seq.*, the *Order Granting the Official Committee of Unsecured Creditors' Ex Parte Application for Federal Rule of Bankruptcy Procedure 2004 Examination of Insurers* ("Order")[1] entered by the Bankruptcy Court for the Northern District of California (Lafferty, W) ("Bankruptcy Court") on January 18, 2024.[2]  The Order grants the Official Committee of Unsecured Creditors' *Ex Parte Application for Federal Rule of Bankruptcy Procedure 2004 Examination of Insurers* ("2004 Application").[3]  A copy of the Order is attached as Exhibit 1 to this notice.

LMI elect to have the appeal heard by the United States District Court for the Northern District of California.

---

[1] Doc. No. 796.

[2] This Notice of Appeal is timely.  On December 15, 2023, LMI filed a motion to reconsider the bankruptcy Court's oral ruling, granting the 2004 Application, pursuant to Federal Rule of Civil Procedure 59(e) ("Motion to Reconsider").  This occurred before the Bankruptcy Court entered the Order on January 18, 2024, which tolled any deadline to appeal the Order until the Bankruptcy Court entered an order adjudicating the Motion to Reconsider.  *See* Doc. No. 697.  On February 14, 2024, the Court entered order denying the Motion to Reconsider.  Doc. No. 875.  LMI timely filed the Notice of Appeal on February 28, 2024, within the fourteen-day deadline to appeal the Order pursuant to FRBP 8002.  *See, e.g.*, *In re McAuley*, 66 B.R. 696, 699 (B.A.P. 9th Cir. 1986); *In re Edelman*, 237 B.R. 146, 150 (B.A.P. 9th Cir. 1999).

[3] Doc. No. 502.

The names of all parties to the Order, and the names, addresses, and telephone numbers of their respective attorneys, are as follows:

| Party | Attorneys |
|---|---|
| Certain Underwriters at Lloyd's of London Subscribing to Slip Nos. CU 1001, K66034, K78138 and CU 3061 | Duane Morris LLP<br>Russell W. Roten<br>Jeff D. Kahane<br>Nathan Reinhardt<br>Betty Luu<br>865 South Figueroa Street, Suite 3100<br>Los Angeles, California 90017<br>Telephone: (213) 689-7400<br>Fax: (213) 689-7401<br>RWRoten@duanemorris.com<br>JKahane@duanemorris.com<br>NReinhardt@duanemorris.com<br>BLuu@duanemorris.com |
| | Clyde & Co US LLP<br>Catalina J. Sugayan<br>Clinton E. Cameron (pro hac vice)<br>Bradley E. Puklin (pro hac vice)<br>30 S Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>Telephone: (312) 635-7000<br>Catalina.Sugayan@clydeco.us<br>Clinton.Cameron@clydeco.us<br>Bradley.Puklin@clydeco.us |
| The Official Committee of Unsecured Creditors | Lowenstein Sandler LLP<br>Jeffrey Cohen<br>Jeffrey D. Prol<br>Lynda A. Bennett<br>Michael A. Kaplan<br>Eric Jesse<br>Brent Weisenberg<br>Colleen M. Restel<br>One Lowenstein Drive<br>Roseland NJ 07068<br>Phone: 973-597-2500<br>jcohen@lowenstein.com;<br>jprol@lowenstein.com; |

| | | |
|---|---|---|
| | | lbennett@lowenstein.com;<br>mkaplan@lowenstein.com;<br>ejesse@lowenstein.com;<br>bweisenberg@lowenstein.com;<br>crestel@lowenstein.com |
| | | Burns Bair LLP<br>Timothy W. Burns<br>Jesse J. Bair<br>10 E. Doty Street, Suite 600<br>Madison WI 53703-3392<br>Telephone: 608-286-2302<br>tburns@burnsbair.com<br>jbair@burnsbair.com |
| | | Keller Benvenutti Kim LLP<br>Tobias S. Keller<br>Jane Kim,<br>Gabrielle L. Albert<br>650 California St, Suite 1900<br>San Francisco CA 94108<br>Telephone: 415-496-6723<br>tkeller@kbkllp.com;<br>jkim@kbkllp.com;<br>galbert@kbkllp.com |
| The Roman Catholic Bishop of Oakland | | Foley & Lardner LLP<br>Jeffrey R. Blease<br>Thomas F. Carlucci<br>Shane J. Moses<br>Ann Marie Uetz<br>Matthew D. Lee<br>Emil Khatchatourian<br>555 California Street, Suite 1700<br>San Francisco CA 94104-1520<br>Telephone: 415-434-4484<br>jblease@foley.com;<br>tcarlucci@foley.com;<br>smoses@foley.com;<br>auetz@foley.com;<br>mdlee@foley.com;<br>ekhatchatourian@foley.com |
| Continental Casualty Company | | Crowell & Moring LLP<br>Mark D. Plevin |

| | | |
|---|---|---|
| 1 | | Three Embarcadero Center, 26th Fl |
| 2 | | San Francisco CA 94111 |
| 3 | | Telephone:415-986-2800 |
| | | mplevin@crowell.com |
| 4 | | |
| 5 | | Miranda H. Turner |
| | | Jordan A. Hess |
| 6 | | 1001 Pennsylvania Ave, N.W. |
| 7 | | Washington DC 20004 |
| | | Telephone: 202-624-2500 |
| 8 | | mturner@crowell.com; |
| | | Jhess@crowell.com |
| 9 | Westport Insurance Corporation, | Parker, Hudson, Rainer & Dobbs LLP |
| 10 | f/k/a Employers Reinsurance | Harris B. Winsberg |
| | Corporation | Matthew M. Weiss |
| 11 | | Matthew G. Roberts |
| 12 | | R. David Gallo |
| | | 303 Peachtree St NE, Suite 3600 |
| 13 | | Atlanta GA 30308 |
| 14 | | Telephone: 404-523-5300 |
| | | hwinsberg@phrd.com |
| 15 | | mweiss@phrd.com |
| 16 | | mroberts@phrd.com |
| | | dgallo@phrd.com |
| 17 | | |
| 18 | | Todd Jacobs |
| | | John E. Bucheit |
| 19 | | Two N. Riverside Plaza, Suite 1850 |
| 20 | | Chicago IL 60606 |
| | | Telephone: 312-477-3306 |
| 21 | | tjacobs@phrd.com |
| 22 | | jbucheit@phrd.com |
| 23 | | Sinnott, Puebla, Campagne & Curet, APLC |
| | | Blaise S. Curet |
| 24 | | 2000 Powell Street, Suite 830 |
| | | Emeryville CA 94608 |
| 25 | | Telephone: 415-352-6200 |
| 26 | | bcuret@spcclaw.com |
| 27 | | Craig & Winkelman LLP |
| | | Robin D. Craig |
| 28 | | 2001 Addison Street, Suite 300 |

| | |
|---|---|
| | Berkeley CA 94704<br>Telephone: 510-549-3330<br>rcraig@craig-winkelman.com |
| Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Indemnity Company, Westchester Fire Insurance Company, and Pacific Employers Insurance Company | O'Melveny & Myers LLP<br>Stephen H. Warren<br>Karen Rinehart<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 430-6000<br>swarren@omm.com<br>krinehart@omm.com<br><br>Tancred Schiavoni<br>Adam Haberkorn<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000<br>tschiavoni@omm.com<br>ahaberkorn@omm.com<br><br>Emma L. Jones<br>1701 N. Harwood St., Suite 1700<br>Dallas, TX 75201<br>Telephone: (972) 360-1900<br>eljones@omm.com |
| United States Fire Insurance Company | Kennedys CMK LLP<br>Travis Wall<br>Jillian G. Dennehy<br>455 Market Street, Suite 1900<br>San Francisco, California 94105<br>Telephone: (415) 323-4460<br><br>Ifrah Law<br>George R. Calhoun<br>1717 Pennsylvania Avenue NW, Suite 650<br>Washington, D.C. 20006<br>george@ifrahlaw.com |
| American Home Assurance Co. and Lexington Insurance Co. | Nicolaides Fink Thorpe Michaelides Sullivan LLP<br>Alison V. Lippa |

| | Amy Klie |
| --- | --- |
| | 101 Montgomery Street, Suite 230 |
| | San Francisco, CA 94104 |
| | Telephone: 415-745-3770 |
| | alippa@nicolaidesllp.com |
| | aklie@nicolaidesllp.com |
| Travelers Casualty & Surety Company | Dentons US LLP |
| | Joshua Havernick |
| | Patrick C. Maxcy |
| | John Grossbart |
| | Lauren Macksoud |
| | 233 South Wacker Drive, Suite 5900 |
| | Chicago IL 60606 |
| | Telephone: 312-876-8000 |
| | joshua.haevernick@dentons |
| | patrick.maxcy@dentons.com |
| | john.grossbart@dentons.com |
| | lauren.macksoud@dentons.com |
| Office of the United States Trustee for Region 17 | Greg Powell |
| | Jason Blumberg |
| | 450 Golden Gate Avenue, 5th Floor Suite #05-0153 |
| | San Francisco CA 94102 |
| | 415-705-3333 |
| | Greg.Powell@usdoj.gov; |
| | jason.blumberg@usdoj.gov |

Dated: February 28, 2024

By /s/ *Catalina J. Sugayan*
    Catalina J. Sugayan
    Clinton E. Cameron (*pro hac vice*)
    Bradley E. Puklin (*pro hac vice*)
    Clyde & Co US LLP
    30 S Wacker Drive, Suite 2600
    Chicago, IL 60606
    Telephone: (312) 635-7000
    Facsimile: (312) 635-6950
    Catalina.Sugayan@clydeco.us
    Clinton.Cameron@clydeco.us
    Bradley.Puklin@clydeco.us

By:   /s/ *Russell Roten* _____
    Russell W. Roten
    Jeff D. Kahane
    Nathan Reinhardt

Betty Luu
DUANE MORRIS, LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, California 90017
Telephone: (213) 689-7400
Fax: (213) 689-7401
RWRoten@duanemorris.com
JKahane@duanemorris.com
NReinhardt@duanemorris.com
BLuu@duanemorris.com

Attorneys for Appellants, *Certain Underwriters at Lloyd's, London, subscribing severally and not jointly to Slip Nos. CU 1001 and K 66034 issued to the Roman Catholic Archbishop of San Francisco, and Nos. K 78138 and CU 3061 issued to the Roman Catholic Bishop of Oakland*

# Exhibit 1

Entered on Docket
January 18, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (Admitted Pro Hac Vice)
jprol@lowenstein.com
MICHAEL A. KAPLAN (Admitted Pro Hac Vice)
mkaplan@lowenstein.com
BRENT WEISENBERG (Admitted Pro Hac Vice)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (Admitted Pro Hac Vice)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 496-6723
Facsimile:  (650) 636-9251

*Counsel for the Official Committee of Unsecured
Creditors*

**BURNS BAIR LLP**
TIMOTHY W. BURNS (Pro Hac Vice)
tburns@burnsbair.com
JESSE J. BAIR (Pro Hac Vice)
jbair@burnsbair.com
10 East Doty Street, Suite 600
Madison, Wisconsin 53703-3392
Telephone: (608) 286-2808

*Special Insurance Counsel for the Official Committee
of Unsecured Creditors*

The following constitutes the order of the Court.
Signed: January 18, 2024

*William J. Lafferty, III*

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re:* | Case No. 23-40523 WJL<br>Chapter 11 |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | **ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EX PARTE APPLICATION FOR FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 EXAMINATION OF INSURERS** |

**THIS MATTER** having been brought before the Court upon the *Official Committee of Unsecured Creditors Ex Parte Application for* <mark>*Federal Rule of Bankruptcy Procedure 2004*</mark> *Examination of Insurers* filed October 5, 2023 [<mark>Dkt. 502</mark>] (the "**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") for The Roman Catholic Bishop of Oakland (the "**Debtor**"), by and through its attorneys, Lowenstein Sandler LLP, Burns Bair LLP, and Keller Benvenutti Kim LLP, for entry of an order pursuant to <mark>Federal Rule of Bankruptcy Procedure 2004</mark> and Bankruptcy Local Rule for the Northern District of California 2004-1; and the Debtor having requested a copy of all documents produced to the Committee in response to the Subpoenas (defined below); and due notice having been provided; and the Court having considered the papers submitted and the arguments presented; and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.      The Committee's Motion is granted as set forth herein.

2.      The Insurers shall furnish all documents requested in subpoenas in a form substantially as those attached hereto as Exhibits 1 through 11 (the "Subpoenas"), and shall produce same to the Committee's counsel and the Debtor's counsel within forty-five (45) days of entry of this Order.

3.      This Order is without prejudice to the Committee's or the Debtor's right to request additional documents and information, including but not limited to the information sought in the subpoenas attached to the Motion, at a later date.

4.      The Insurers' rights to object to the Subpoenas as permitted under Rule 45 of the Federal Rules of Civil Procedure, incorporated into this bankruptcy case by Rule 9016 of the Federal Rules of Bankruptcy Procedure, are fully preserved, including, without limitation (a) any and all applicable evidentiary privileges and (b) proper scope of discovery.

**\*\*END OF ORDER\*\***

1

**<u>Court Service List</u>**

2

*All Registered ECF Participants.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **Exhibit 1**

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

## Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  American Home Assurance Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Schedule A**.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Gabrielle L. Albert*
_____
*Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

          I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)*Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

---

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for insurance

-1-

coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.     "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.     "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia messaging

service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "<u>Each</u>" shall mean each, every, any, and all.

13.     "<u>Including</u>" means including without limitation.

14.     "<u>Relate(d) to</u>" or "<u>Relating to</u>" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "<u>Petition Date</u>" means May 8, 2023.

16.     "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.     "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.     "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.     "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.     "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."  The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

-5-

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.). You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.     Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.   Identify the type, title and subject matter of the Document;

     b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## **DOCUMENTS TO BE PRODUCED**

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.       All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# **Exhibit 8**

# UNITED STATES BANKRUPTCY COURT

## Northern District of California

### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Travelers Casualty & Surety Company, formerly known as Aetna Casualty & Surety Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Schedule A**.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        */s/ Gabrielle L. Albert*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see** Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.     "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.     "All" includes the word "any," and "any" includes the word "all."

3.     "And" includes the word "or," and "or" includes the word "and."

4.     "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.     "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.     "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

-1-

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.    "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.    "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.    "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.    "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.    "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

-2-

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12. "Each" shall mean each, every, any, and all.

13. "Including" means including without limitation.

14. "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15. "Petition Date" means May 8, 2023.

16.     "Secondary Evidence" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.     "Survivor(s)" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.     "Underwriting Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.     "You" or "Your" means the Insurer that is responding to these Requests.

20.     "Your Insurance Policies" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

**INSTRUCTIONS**

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.  Identify the type, title and subject matter of the Document;

     b.  State the place, date, and manner of preparation of the Document;

c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.   Identify the legal privilege(s) and the factual basis for the claim.

10.   Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.   To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.   If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.   If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

-7-

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.      All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# Exhibit 9

# UNITED STATES BANKRUPTCY COURT

Northern District of California

Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   United States Fire Insurance Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See attached **Schedule A**.

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Gabrielle L. Albert*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

## SCHEDULE A

## DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.     "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.     "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

-2-

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.      "Each" shall mean each, every, any, and all.

13.      "Including" means including without limitation.

14.      "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.      "Petition Date" means May 8, 2023.

-3-

16.    "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.    "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.    "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.    "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.    "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.   Identify the type, title and subject matter of the Document;

    b.   State the place, date, and manner of preparation of the Document;

c.  Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.  Identify the legal privilege(s) and the factual basis for the claim.

10.  Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.  To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.  If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.  If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## **DOCUMENTS TO BE PRODUCED**

1.       Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.       All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.       All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.       Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.       The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.       All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.       Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.       All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# **Exhibit 10**

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

## Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Westchester Fire Insurance Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See attached **Schedule A**.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

         CLERK OF COURT

                                                OR

_____                    */s/ Gabrielle L. Albert*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.      "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.      "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

-2-

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "Each" shall mean each, every, any, and all.

13.     "Including" means including without limitation.

14.     "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "Petition Date" means May 8, 2023.

16.    "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.    "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.    "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.    "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.    "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.). You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a.   Identify the type, title and subject matter of the Document;

    b.   State the place, date, and manner of preparation of the Document;

c.  Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.  Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.       All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# **Exhibit 11**

# UNITED STATES BANKRUPTCY COURT

## Northern District of California

### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   Westport Insurance Corporation, formerly known as Employers Reinsurance Corporation

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Schedule A**.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                    */s/ Gabrielle L. Albert*
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                        _____
                                                                      *Server's signature*

                                                        _____
                                                                     *Printed name and title*

                                                        _____
                                                                       *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)*Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B)*When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

## SCHEDULE A

## DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.     "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.     "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.     "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.     "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.     "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.　　"Each" shall mean each, every, any, and all.

13.　　"Including" means including without limitation.

14.　　"Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.　　"Petition Date" means May 8, 2023.

16.     "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.     "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.     "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.     "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.     "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

# INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.). You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7. Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a. Identify the type, title and subject matter of the Document;

    b. State the place, date, and manner of preparation of the Document;

c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.   Identify the legal privilege(s) and the factual basis for the claim.

10.   Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.   To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.   If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.   If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## **DOCUMENTS TO BE PRODUCED**

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.      All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# **Exhibit 2**

# UNITED STATES BANKRUPTCY COURT

## Northern District of California

### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    See attached **Schedule A**.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                    */s/ Gabrielle L. Albert*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)*Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

---

## SCHEDULE A

## DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.      "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.      "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

-2-

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.    "<u>Each</u>" shall mean each, every, any, and all.

13.    "<u>Including</u>" means including without limitation.

14.    "<u>Relate(d) to</u>" or "<u>Relating to</u>" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.    "<u>Petition Date</u>" means May 8, 2023.

16.     "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.     "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.     "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.     "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.     "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

-5-

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.   Identify the type, title and subject matter of the Document;

      b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.       All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# Exhibit 3

# UNITED STATES BANKRUPTCY COURT

## Northern District of California

### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,

Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   Continental Casualty Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  See attached **Schedule A**.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                     */s/ Gabrielle L. Albert*
  *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____

                                                *Server's signature*

                                        _____

                                              *Printed name and title*

                                        _____

                                              *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.      "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.      "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "Each" shall mean each, every, any, and all.

13.     "Including" means including without limitation.

14.     "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "Petition Date" means May 8, 2023.

16.    "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.    "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.    "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.    "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.    "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.   Identify the type, title and subject matter of the Document;

     b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## **DOCUMENTS TO BE PRODUCED**

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.       All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# Exhibit 4

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Lexington Insurance Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      See attached **Schedule A**.

---

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

      CLERK OF COURT

                        OR

_____
    *Signature of Clerk or Deputy Clerk*

*/s/ Gabrielle L. Albert*
_____
    *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by <mark>Fed. R. Civ. P. 45</mark>.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.        "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.        "All" includes the word "any," and "any" includes the word "all."

3.        "And" includes the word "or," and "or" includes the word "and."

4.        "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.        "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.        "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.     "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.     "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "Each" shall mean each, every, any, and all.

13.     "Including" means including without limitation.

14.     "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "Petition Date" means May 8, 2023.

16.    "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.    "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.    "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.    "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.    "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## <u>INSTRUCTIONS</u>

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.     Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.   Identify the type, title and subject matter of the Document;

     b.   State the place, date, and manner of preparation of the Document;

c.  Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.  Identify the legal privilege(s) and the factual basis for the claim.

10.  Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.  To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.  If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.  If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.    If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.    Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## DOCUMENTS TO BE PRODUCED

1.       Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.       All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.       All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.       Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.       The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.       All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.       Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.        All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# Exhibit 5

# UNITED STATES BANKRUPTCY COURT

Northern District of California

Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Certain Underwriters at Lloyd's, London subscribing severally and not jointly to Slip Nos. CU 1001, K 66034, K 78138, and CU 3061

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      See attached **Schedule A**.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Gabrielle L. Albert*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by <mark>Fed. R. Civ. P. 45</mark>.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply herein to these requests for production (these "<u>Requests</u>"):

1.  "<u>Abuse Claim(s)</u>" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.  "<u>All</u>" includes the word "<u>any</u>," and "<u>any</u>" includes the word "<u>all</u>."

3.  "<u>And</u>" includes the word "<u>or</u>," and "or" includes the word "<u>and</u>."

4.  "<u>Catholic Entities</u>" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.  "<u>Chapter 11 Case</u>" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.  "<u>Claim Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.     "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.     "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "Each" shall mean each, every, any, and all.

13.     "Including" means including without limitation.

14.     "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "Petition Date" means May 8, 2023.

16.     "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.     "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.     "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.     "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.     "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense. The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.   Identify the type, title and subject matter of the Document;

     b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## **DOCUMENTS TO BE PRODUCED**

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.      All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# Exhibit 6

# UNITED STATES BANKRUPTCY COURT

## Northern District of California

### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Pacific Employers Insurance Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Schedule A**.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____               */s/ Gabrielle L. Albert*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.     "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.     "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "Each" shall mean each, every, any, and all.

13.     "Including" means including without limitation.

14.     "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "Petition Date" means May 8, 2023.

Case 3:24-cv-01850   Doc# 7909-1   Filed 03/28/24   Entered 03/28/24 14:30:45   Page 7 of 166

16.    "Secondary Evidence" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.    "Survivor(s)" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.    "Underwriting Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.    "You" or "Your" means the Insurer that is responding to these Requests.

20.    "Your Insurance Policies" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

     a.   Identify the type, title and subject matter of the Document;

     b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.      All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.      All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.      Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.      The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.      All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.      Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.       All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.

# Exhibit 7

# UNITED STATES BANKRUPTCY COURT

## Northern District of California
### Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:     Pacific Indemnity Company

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Schedule A**.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____            */s/ Gabrielle L. Albert*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors,  who issues or requests this subpoena, are: Colleen Restel, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, crestel@lowenstein.com, (973) 597-2500.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)

disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

# DEFINITIONS

The following definitions apply herein to these requests for production (these "Requests"):

1.      "Abuse Claim(s)" means any Document or Documents describing facts (whether admitted, disputed or otherwise), memorializing statements, or otherwise recording allegations Related to bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, including but not limited to complaints or similar Documents initiating legal proceedings (whether civil, criminal, regulatory, or ecclesiastical) filed (and pending) in any court or tribunal of any jurisdiction, claim forms for compensation submitted in this Chapter 11 Case, or any other Document attributing liability or responsibility for such conduct, in each case asserted by, or on behalf of, a Survivor against RCBO.

2.      "All" includes the word "any," and "any" includes the word "all."

3.      "And" includes the word "or," and "or" includes the word "and."

4.      "Catholic Entities" means all Parishes, schools, missions, and other Catholic entities that operate within the territory of RCBO.

5.      "Chapter 11 Case" means the bankruptcy proceeding initiated by RCBO on the Petition Date in the United States Bankruptcy Court for the Northern District of California captioned 23-40523 (WJL).

6.      "Claim Files" means all files denominated as such and/or created and maintained for the purpose of collecting Documents, Communications, and other information that relate to a claim for insurance coverage by a policyholder.  This definition includes, without limitation: (a) all Documents and Communications that relate to Your handling, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, any claim for

insurance coverage; (b) all Documents and Communications that relate to Your possession, collection, receipt, and gathering of Documents and other information in connection with any claim for insurance coverage by a policyholder; and (c) all of Your internal and external Communications that relate to any claim for insurance coverage by a policyholder.

7.      "Committee" means The Official Committee of the Unsecured Creditors in the Chapter 11 Case.

8.      "Communication" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.  The term is used here in the broadest sense, and includes any and all conversations, meetings, discussions, copying or forwarding e-mails and other Documents and any other mode of verbal or other information exchange, whether in person or otherwise, as well as all letters, correspondences, memoranda, telegrams, cables, and other Documents memorializing or constituting any information exchange.

9.      "Concerning" or "Concern(s)" means constituting, Relating to, pertaining to, based upon, bearing upon, referring to, with reference to, arising in connection with, arising out of, regarding, by reason of, having to do with, or having any relation to, in the broadest sense.

10.      "Debtor" or "RCBO" means, for purposes of these Requests, The Roman Catholic Bishop of Oakland, the Catholic Entities, and each of the foregoing's current and former affiliates, corporate parents, subsidiaries, officers, directors, employees, representatives, insurance brokers, attorneys, joint ventures, partners, and anyone acting on its or their behalf.

11.      "Document" or "Documents" is used in its broadest sense and includes all Communications and writings of every kind, whether sent or received, including the original, drafts, copies and non-identical copies bearing notations or marks not found on the original, and including, but not limited to, text messages, short messaging service (SMS), multimedia

messaging service (MMS), any instant messages through any instant message service, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, cancelled checks, check stubs, invoices, receipts, medical records, ticket stubs, maps, pamphlets, notes, charts, contracts, agreements, diaries, calendars, appointment books, tabulations, analyses, statistical or information accumulation, audits and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them), electronic files or Documents or any electronically stored information of any kind (including associated metadata, email, and voice-mail messages), and any other writings, papers, and tangible things of whatever description whatsoever including, but not limited to, any information contained in any computer, even if not printed out, copies of Documents which are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in Your possession, custody, or control.

12.     "Each" shall mean each, every, any, and all.

13.     "Including" means including without limitation.

14.     "Relate(d) to" or "Relating to" means: constitutes, refers, reflects, Concerns, pertains to, supports, refutes, consists of, summarizes, discusses, notes, mentions, corroborates, demonstrates, shows, embodies, identifies, analyzes, describes, evidences, or in any way logically or factually connects with the matter described or referenced in the request.

15.     "Petition Date" means May 8, 2023.

16.     "<u>Secondary Evidence</u>" means any Documents or Communications that may support or contradict the existence, terms, or conditions of any insurance policy.

17.     "<u>Survivor(s)</u>" means all sexual or child abuse claimants that have a pending or otherwise unresolved claim against RCBO.

18.     "<u>Underwriting Files</u>" means all files denominated as such and/or created and maintained for the purpose of collecting Documents and Communications that relate to Your possession, collection, receipt, or gathering of Documents and other information concerning or evidencing the underwriting, placement, purchase, sale, issuance, renewal, failure to renew, increase or decrease in coverage, cancellation, termination, drafting, execution, construction, meaning, or interpretation of, or payment of premiums for, Your Insurance Policies.

19.     "<u>You</u>" or "<u>Your</u>" means the Insurer that is responding to these Requests.

20.     "<u>Your Insurance Policies</u>" means every general liability insurance policy, comprehensive general liability insurance policy, commercial general liability insurance policy, umbrella liability insurance policy, excess insurance policy, and claims-made insurance policy, as well as any insurance policy that insures or may insure against claims of bodily injury, personal injury, child abuse, sexual abuse, or sexual misconduct, issued by You to RCBO or that are alleged to provide insurance coverage from You to RCBO for Abuse Claims.

## INSTRUCTIONS

1.      These Requests are governed by the definitions and instructions contained in the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of California, which are supplemented as permitted by the specific instructions and definitions herein.

2.      The words "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The singular and masculine form of nouns and pronouns shall embrace, and be read and applied as including, the plural, feminine, or neuter, as circumstances may make appropriate.

3.      The phrase "possession, custody, or control" shall be construed in the broadest possible manner and includes not only those things in Your immediate possession, but also those things which are subject to Your control.

4.      Unless otherwise stated in a specific Request herein, the relevant time period for the discovery being sought shall be the period from the inception of RCBO to the present.

5.      These Requests shall be deemed continuing in nature.  In the event You become aware of or acquire additional information Relating or referring to any of the following Requests, such additional information is to be promptly produced.

6.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

-5-

contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, personal digital assistants (PDAs), wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Kakao Talk, WhatsApp, Signal, iMessage, etc.), and web-based file hosting services (including, without limitation, Gmail, Yahoo, etc.).  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

7.      Documents not otherwise responsive to these Requests for production should be produced: (a) if such Documents mention, discuss, refer to, explain, or Concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompanying Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

8.      Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

9.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.   Identify the type, title and subject matter of the Document;

      b.   State the place, date, and manner of preparation of the Document;

    c.   Identify all authors, addresses, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d.   Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which Relate or refer to, the time period covered by these Requests are to be identified and produced.

12.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

13.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     If there are no Documents responsive to a particular Request, please provide a written response so stating.

16.     If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the Request in order to frame Your response.

17.     All Documents produced shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF ("tiff") format, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

18.     Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plan Proponents

through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

19.     If a Document is or has at any time been maintained by any insurance broker or intermediary, specifically identify such Document, state whether it is currently maintained by such broker or intermediary and if not, the period during which such Document was maintained by such broker or intermediary and the date when such custody ceased, and describe in detail the circumstances under which such custody ceased and the present location and custodian of the Document.

20.     Notwithstanding the scope of these Requests, pursuant to agreement of the parties, You need not produce the Official Proof of Claim Forms and Supplements (collectively, the "Proofs of Claim") in response to these Requests.

## DOCUMENTS TO BE PRODUCED

1.       Copies of all Your Insurance Policies issued to, or insuring, RCBO, including any endorsements or attachments to those policies.

2.       All Secondary Evidence of Your Insurance Policies issued to, or insuring, RCBO, but only with respect to any of Your Insurance Policies that are missing or incomplete.

3.       All coverage position letters, including reservations of rights or denials of coverage, that You or anyone acting on Your behalf sent to RCBO Concerning insurance coverage for any Abuse Claim tendered by or on behalf of RCBO to You.

4.       Documents sufficient to show any exhaustion, erosion, or impairment of the limits of liability of each of Your Insurance Policies, such as loss runs, loss history reports, and/or claims reports.

5.       The entire contents of Your Claim Files Relating to any Abuse Claims tendered by or on behalf of RCBO to You.

6.       All Underwriting Files Relating to Your Insurance Policies concerning any Abuse Claims tendered by or on behalf of RCBO to You.

7.       Documents sufficient to show Your current reserves for each of the Abuse Claims tendered by or on behalf of RCBO to You.

8.        All Documents and Communications that relate to Your setting, calculating, analysis, adjustment, investigation, evaluation of, and decision-making process with respect to, Your reserves identified in response to Request No. 7, above, including the working papers and actuarial reports, if any, relating to the establishment of those reserves.